

FILED
APR - 4 2008
4-4-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT CIRCUIT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY P. EGAN,<br>Plaintiff, | )<br>)<br>) | **08CV1956**<br>**JUDGE ASPEN** |
| v. | ) | **MAG. JUDGE BROWN** |
| DEPARTMENT OF THE TREASURY,<br>Defendant. | )<br>)<br>) | |

## COMPLAINT IN ADMINISTRATIVE REVIEW

Plaintiff MARY EGAN Appellant in Administrative Review) requests Administrative Review and reversal of the decisions of United States of America Merit Systems Protection Board in Case Docket Number CH-0432-07-0393-I-1 of March 5, 2008 and November 9, 2007 denying her claims of wrongful separation / termination and wrongful termination and age-based discrimination in employment by Defendant, and in support thereof states as follows:

1. Jurisdiction of this cause is based upon Federal question under Title 28 USC Section 1331, as the controversy involves administrative review sought pursuant to Title 5 USC Section 7703(b)(2) and age discrimination in employment under Title 29 USC Section 633a(c).

2. Venue is proper before this Court as all events between the parties as well as the proceedings (excepting the administrative appeal initiated December 14, 2007 and disposed March 5, 2008) and evidentiary hearing before the United States of America Merit Systems Protection Board transpired within the geographic expanse of this Court's jurisdiction, the United States Northern District of Illinois.

3. Plaintiff seeks Administrative Review and reversal of the decisions of United States of America Merit Systems Protection Board in Case Docket Number CH-0432-07-0393-I-

1 of March 5, 2008 and November 9, 2007 denying her claims of wrongful separation and termination and wrongful termination and age-based discrimination in employment by Defendant. These claims and this appeal were docketed in the United States of America Merit Systems Protection Board ("MSPB") as Docket Number CH-0432-07-0393-I-1.

4. Plaintiff was employed by Defendant as an Internal Revenue Agent for twenty years at the time of her discharge from employment by Defendant on March 21, 2007. Plaintiff challenged the NTEU and Management Agreement, and amounted to age-based employment discrimination.

5. Prior to the hearing of these claims on October 16, 2007, Plaintiff's attorney, the undersigned Michael J. Greco, Attorney at Law, received extensive documentation from Plaintiff and from her union representative in May, June and July, 2007. He did not receive a complete Agency File, and the Agency's counsel stated that it had been served upon Plaintiff. Plaintiff's attorney apprised Administrative Judge Howard J. Ansorge that he did not the same at hearing on October 16, 2007, as soon as it was discovered.

6. Prior to the hearing of these claims on October 16, 2007, Administrative Judge Howard J. Ansorge ruled that Plaintiff could not call witnesses other than herself because she had not disclosed them timely to the Agency.

7. If afforded the opportunity to call witnesses, Plaintiff would offer Fiona Chen, an employee of Agency at the time of the events to which the parties testified, who, upon information and belief, would testify that the Agency was motivated to reduce employee staff significantly, which would tend to corroborate Plaintiff's assertion that Group Manager Keith Roach ("Roach") offered no meaningful assistance to Appellant during her Performance Improvement Period ("PIP"), and would also tend to establish bias on the part of Roach in his

testimony. Plaintiff might also call other witnesses would might tend to establish Plaintiff's claim that she was discharged, in whole or in part, on the basis of her advanced age and proximity in time to reaching the age of retirement with a full pension and retirement benefits package.

8. Plaintiff submits that substantial gaps and inconsistencies in the testimony of Keith Roach were overlooked by Administrative Judge Ansorge. Roach testified that he offered assistance to Plaintiff, which Plaintiff squarely contradicted. Plaintiff testified that Roach rarely spent more than a few minutes with her, did not review her work with her, extended deadline dates in favor of the taxpayers on cases which were focal for Plaintiff (and required to be closed) during the PIP, did not warn her during the PIP that her performance was unsatisfactory and she was failing to show the requisite improvement and did not provide another coach to her as he was substantially unavailable and Linda King, the putative "coach" originally designated by Roach, had herself advised Plaintiff that she would not coach her. Against this background, Plaintiff's testimony that Roach was substantially unavailable as a coach and failed to schedule meetings, as required by the PIP Opportunity letter, appears more probably representative of the actual events that transpired during the PIP.

9. Plaintiff demonstrated gaps in Roach's credibility as Roach testified that Plaintiff "spoke Spanish" yet also testified that he met with the taxpayer on one of Plaintiff's cases during the PIP without notifying Plaintiff, and with another agent, Maria Mejia, the reason for which being that the taxpayer's only language facility was in Spanish and Roach needed Maria Mejia to translate. This glaring inconsistency in Roach's testimony was not addressed, and tends to suggests bias and fabrication by Roach, the only witness who testified against Plaintiff at hearing before the MSPB.

10. Plaintiff showed that Roach never provided specific examples of the coaching he purportedly rendered to Plaintiff, but rather asserted in general, conclusory terms that he had done such coaching. This should have been deemed insufficient to contradict Plaintiff's otherwise unrebutted testimony.

11. Title 5 USC 2301 dictates that retention should be based on performance, and that inadequate performance should be corrected. Specifically, employees should receive effective education and training in order to achieve better organizational and individual performance. The PIP letter issued by Defendant to Plaintiff specifically required that such education, training and feedback be provided. The conclusory testimony offered by Roach did not demonstrate that such education and training had been offered to Plaintiff, nor that Roach attempted on behalf of the Agency to correct inadequacies in Plaintiff's performance.

12. For the foregoing reason, Plaintiff submits that the Petition for Review should have been granted by the MSPB and that the decisions of the MSPB and of Administrative Judge Ansorge should be reversed.

Wherefore, Plaintiff Mary Egan respectfully requests that this Court grant Administrative Review and reversal of the decisions of United States of America Merit Systems Protection Board in Case Docket Number CH-0432-07-0393-I-1 of March 5, 2008 and November 9, 2007 denying her claims of wrongful separation / termination and wrongful termination and age-based discrimination in employment by Defendant, and direct that her Petition and Administrative Appeal be granted and her employment by the Defendant Agency reinstated, with back pay and other appropriate relief.

Respectfully submitted,

Mary Egan,

By: _____
    Michael J. Greco
    Attorney for Plaintiff Mary Egan

Michael J. Greco
Attorney for Plaintiff
70 W. Hubbard Street
Suite 302
Chicago, Illinois 60610
312 222-0599
Atty. No. 06201254