# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY P. EGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1956 |
| ) | |
| TIMOTHY F. GEITHNER, Secretary of the ) | |
| Department of the Treasury, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is a motion for summary judgment filed by Defendant Timothy F. Geithner, Secretary of the Treasury ("IRS"), seeking dismissal of the two remaining claims filed by Plaintiff Mary Egan. Egan alleges that the IRS discriminated against her on the basis of age, culminating in her termination. She also seeks review of the Merit Systems Protection Board's ("MSPB") ruling, which upheld the IRS' decision to discharge her. For the reasons set forth below, we grant the IRS' motion in its entirety.

## BACKGROUND

As a preliminary note, the facts described herein are undisputed and culled primarily from the IRS' Local Rule 56.1 statements of fact and exhibits. For her part, Egan did not provide any additional statements of fact or a supporting memorandum of law, as required by Local Rule 56.1(b)(1)–(2). Nor did she respond to the IRS' statements in compliance with Local Rule 56.1(b)(3). Rather, Egan submitted a response to the IRS' statements that parrots her affidavit, the only other document she filed in opposition to the motion. (*See* Dkt. Nos. 63–64.)

Moreover, Egan's affidavit—her sole attempt at defending her claims—was not properly

signed and filed. A declarant or affiant must personally sign a statement. For e-filing purposes, that original document should be scanned and then submitted to the court electronically. *See* Rule 56(e); N.D. Ill. Gen'l Order on Elec. Filing, Gen'l Order No. 2011-24, at 6–8 (July 6, 2011). Here, however, Egan's signature on her affidavit is not original but electronic ("/S/ Mary Egan"). We decline to *sua sponte* strike the affidavit as unsigned. *See Magyar v. Saint Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 770 (7th Cir.2008) (finding no abuse of discretion where district judge allowed affidavit signed by electronic signature, in part because opponent was not prejudiced); *but see Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004) ("A court must not consider . . . an affidavit that fail[s] to meet the standards of Rule 56(e) when considering summary judgment."); *Markel v. Bd. of Regents of Univ. of Wis.*, 276 F.3d 906, 912 (7th Cir. 2002) (rejecting unsigned affidavit). Nonetheless, we rely heavily on the IRS' well-supported statements of fact and consider Egan's affidavit only to the extent necessary. With that in mind, we briefly recount the basic facts.

Mary Egan was a revenue agent with the IRS and responsible for examining the tax returns of small businesses and self-employed individuals. Revenue agents work with some independence and, depending on the taxpayer at issue, often work in the field. The IRS' bases its performance reviews of agents on their efficiency, including their ability to prioritize and complete work in a timely fashion.

Egan's direct supervisor was Keith Roach. In his review for the December 2004 through November 2005 evaluations period, Roach identified several problems with Egan's performance. (*See* Def.'s Facts, Ex. B, 1/31/06 Review.) With respect to business results efficiency, Roach rated Egan's performance as unacceptable, the lowest rating possible. In particular, Roach found

that most of Egan's cases were "overage," meaning that they had been pending for more than 270 days. Egan does not dispute that the majority of her cases were 300 to 500 days old and that she closed only two cases during that review period. (Resp. Def.'s Facts ¶¶ 10, 12.) Egan asserts that her cases became overage because of taxpayers' dilatory tactics and because her computer was not functioning properly. (*Id.* ¶¶ 7, 10.) Although the parties dispute the underlying rationale, they agree that the IRS disapproves of overage cases lingering in the audit process.

Roach also found in his review that Egan failed to prioritize her work, meet her own estimated deadlines, and maintain an organized work space. Roach testified that he addressed these problems—particularly Egan's overage cases—on several occasions. (Def.'s Facts, Ex. A, Hrg. Tr. at 19–20; *see also* 1/31/06 Review at 5 (summarizing requests for an uncluttered workspace).)

In March 2006, Roach issued Egan a detailed letter identifying numerous overage cases and prioritization complaints. (*See* Def.'s Facts, Ex. C, PIP Ltr.) At that time, Roach placed Egan under a Performance Improvement Period ("PIP"), which required her to close certain cases within 60 days. (*Id.* at 16.) In May 2006, Roach extended Egan's PIP for an additional thirty days, to June 21, 2006. Roach initially paired Egan with another IRS employee, Linda King, for coaching during the PIP, but this arrangement did not pan out. Accord to Roach, he then volunteered to work with Egan and met with her repeatedly and consistently for eighteen weeks of the nineteen-week PIP. (Hrg. Tr. at 47–49.) Egan denies that Roach provided any meaningful coaching or feedback.

At the end of the extended PIP, Egan had closed six of the eleven overage cases

identified in the PIP letter.  Egan contends that Roach is partially responsible for this failure to close all of the pending cases but she neither explains Roach's conduct and its impact on her efforts and timeframe, nor specifies which cases or how many were affected.  (Resp. Def.'s Facts ¶¶ 32–33.)  On October 31, 2006, the IRS issued Egan a proposed notice of removal, and she was discharged on March 21, 2007.  (*See* Compl. ¶ 4.)

Egan challenged the IRS' decision to terminate her before the MSPB.  The administrative law judge ("ALJ") presiding over that appeal ordered the parties to submit exhibit and witness lists prior to the hearing.  Egan admittedly failed to timely comply with this order and was barred from presenting testimony other than her own at the hearing.  (Resp. Def.'s Facts ¶¶ 37–39.)  By written decision dated November 9, 2007, the ALJ affirmed the IRS' decision to terminate Egan.

## STANDARD OF REVIEW

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).  A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted).  Once the moving party meets this burden of production, the nonmoving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed.  *Id.*; Fed. R. Civ. P. 56(c).  In deciding whether summary judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all

reasonable inferences in that party's favor. *See Anderson*, 477 U.S. at 255.

## ANALYSIS

**I.      Age Discrimination Claim (Count I)**

To withstand summary judgment, Egan must present either direct or indirect evidence in support of her discrimination claim sufficient to necessitate a trial. Although Egan has not expressly indicated, we assume she proceeds under the indirect method given the absence of direct evidence in the record.

Under the indirect method, articulated first in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), Egan must establish a prima facie case of discrimination. The prima facie case requires proof that: (1) Egan is a member of a protected class; (2) her job performance met the IRS' legitimate expectations; (3) she suffered an adverse employment action; and (4) at least one similarly-situated employee not in her protected class was treated more favorably. *See Naik v. Boehringer Ingelheim Pharm., Inc.*, 627 F.3d 596, 599–600 (7th Cir. 2010); *Martino v. MCI Comm'cn Servs., Inc.*, 574 F.3d 447, 453 (7th Cir. 2009); *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 978 (7th Cir. 2004). Here, there is no question that Egan satisfies the first and third prong of the indirect method.

We turn to focus on the fourth prong, which requires Egan to identify a person who is "directly comparable to her in all material respects" but for the protected characteristic.[1] *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 366 (7th Cir. 2009); *see Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 742 (7th Cir. 2011). Generally, co-workers may be

---

[1] We need not address the second prong, though the record supports a conclusion that Egan was not meeting the IRS' expectations.

similarly-situated if they "dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617–18 (7th Cir. 2000); *Silverman*, 637 F.3d at 742 (noting that relevant variables include "distinctions in positions, performance, or supervisors"); *see also Salas v. Wis. Dep't Corr.*, 93 F.3d 913, 923–24 (7th Cir. 2007). In addition, under Seventh Circuit precedent, Egan must demonstrate that any similarly-situated comparator is substantially younger—that is, ten years younger—than she is. *Martino*, 574 F.3d at 454; *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1118 (7th Cir. 2009); *Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 517 F.3d 470, 475 n.4 (7th Cir. 2008); *Radue*, 219 F.3d at 619.

Here, Egan admits that she has not come forward (either before the ALJ or in this forum) with any evidence that a similarly-situated IRS employee substantially younger than she was treated better under like circumstances. (Resp. Def.'s Facts ¶¶ 40–45.) At the administrative hearing, Egan testified that a younger IRS employee, Linda Buckner, was placed on a PIP but not terminated. (*Id.* ¶¶ 40–41.) Egan has not described Buckner's position at the IRS, including her job description, performance record, supervisor, and the like, so we cannot conclude that Buckner is similarly-situated. Moreover, Egan concedes that she has no definitive information about Buckner's age. (*Id.* ¶ 42.) According to the IRS, Buckner is also over forty years old and approximately three years younger than Egan. (*Id.* ¶¶ 41–42; *see also* Hrg. Tr. at 179 (Egan testifying that she thinks Buckner "is over fifty").) Pursuant to the authorities cited above, this minor age disparity alone is insufficient to permit any inference of discrimination. In sum, Egan has failed to set out a prima facie case for discrimination such that this claim should proceed to

trial.

## II.     Claim for Judicial Review (Count III)

In Count III, Egan seeks review and reversal of the MSPB's decision upholding her discharge. Typically, only the United States Court of Appeals for the Federal Circuit is authorized to hear appeals from MSPB proceedings. 5 U.S.C. § 7703(b)(1); *see Ali v. Brown*, 998 F. Supp. 917, 927 (N.D. Ill. 1998). District courts have jurisdiction over "mixed cases" like this one, however, which include both a discrimination claim and a claim for judicial review of an MSPB ruling. 5 U.S.C. § 7703(b)(2); *Ali*, 998 F. Supp. at 927; *see Randle v. Bentsen*, 19 F.3d 371, 374 (7th Cir. 1994).[2] Our review of the MSPB's upholding of the termination decision is limited to the underlying administrative record. *Pearman v. Whitman*, No. 01 C 2158, 2002 WL 485354, at *3 (N.D. Ill. Apr. 1, 2002); *Mirza v. Dep't of Treasury*, 875 F. Supp. 513, 521 (N.D. Ill. 1995). Our review is also highly deferential, as we "must affirm the MSPB's decision unless it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) reached without following procedures required by law, rule or regulation; or (3) unsupported by substantial evidence." *Ali*, 998 F. Supp. at 928 (*citing* 5 U.S.C. § 7703©); *Pearman*, 2002 WL 485354, at *3.

Although Egan takes issue with the outcome of the MSPB proceedings, she has not articulated any particular reason why we should set it aside. Egan's failure to brief this issue

---

[2] Having dismissed Egan's age discrimination claim, we have the discretion to either retain this case or transfer it to the Federal Circuit. *Ali*, 998 F. Supp. at 928; *see Randle*, 19 F.3d at 373–74, n.2; *Afifi v. U.S. Dep't of Interior*, 924 F.2d 61, 64 (4th Cir. 1991). We exercise our discretion here to keep the case, in the interests of judicial economy and convenience. *Ali*, 998 F. Supp. at 928; *see Afifi*, 924 F.2d at 64 ("A fundamental consideration is the purpose of district court jurisdiction over mixed cases in the first place—judicial economy.").

undermines her position, to say the least. We glean from her lawyer's closing argument before the ALJ that she asserts a substantial evidence argument, and her paltry response here implies a challenge to the ALJ's procedures. (Hrg. Tr. at 300 ("[W]e submit that there was not substantial evidence, therefore, to justify the decision to terminate her."); Resp. Def.'s Facts ¶¶ 37–39 (admitting that the ALJ barred Egan from calling witnesses other than herself).) We find neither suggestion convincing.

First, Egan has not adequately raised or supported any argument that the MSPB hearing or the ALJ's decision ran afoul of any procedure. Egan admits that the ALJ prevented her from presenting witnesses other than herself at the hearing because she failed to timely comply with his pretrial scheduling order. (Resp. Def.'s Facts ¶¶ 37–38.) Egan does not contend, however, that the ALJ's restriction was unjust or violated a particular rule, law or regulation. Without more, we cannot conclude that the ALJ exceeded the scope of his authority or otherwise ignored procedural safeguards.

Second, there is no question on the record before us that the ALJ's decision was amply supported by substantial evidence. "We do not conduct a de novo review but rather determine whether there is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gellerman v. Nimmo*, 704 F.2d 1004, 1005 (7th Cir. 1983) (quoting *Brewer v. U.S.P.S.*, 647 F.2d 1093, 1096 (Ct. Cl. 1982)); *Pearman*, 2002 WL 485354, at *3; *Ristoff v. U.S.*, No. 83 C 7941, 1985 WL 2075, at *3 (N.D. Ill. July 24, 1985). The ALJ heard testimony from both Egan and Roach and reviewed various exhibits, including the detailed PIP letter. Roach testified, and Egan does not dispute, that she closed only two cases in the 2004–2005 review period and that most of her cases at that time were overage cases. (Resp.

Def.'s Facts ¶¶ 6–7, 10, 12.) Egan does not dispute that she closed only six of the eleven overage cases required to be completed in the PIP. (*Id.* ¶ 33.) Roach testified that Egan failed to prioritize her work or organize her desk, despite repeated requests. Egan generally states that her cases became overage, not because of her productivity or organization, but because of taxpayer delays and computer problems. Egan contends that Roach is partially to blame for her failure to close all of the cases during the PIP because he extended taxpayer deadlines. Moreover, Egan complains that she did not receive coaching and assistance during the PIP as promised.

Despite the parties differing accounts of Egan's case handling and her proposed explanations for the backlog of overage cases, the record contains "relevant evidence as a reasonable mind might accept as adequate to support" the ALJ's conclusion. *Gellerman*, 704 F.2d at 1005. A reasonable person could accept Roach's testimony over Egan's, particularly in light of the documentation and Egan's admission that she had many overage cases and failed to satisfy the terms of the extended PIP. Under these circumstances, Egan has failed to raise any genuine question for trial concerning the ALJ's substantiated decision.

## CONCLUSION

For the reasons set forth above, we grant the IRS' motion in its entirety. This case is terminated. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: September 28, 2011

-9-